## UNITED STATES v. MULE et al.

### No. 275.

Circuit Court of Appeals, Second Circuit.

March 27, 1944.

J. Bertram Wegman, of New York City (Emanuel H. Reichart, of New York City, of counsel), for appellants Mule.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Mario Pittoni, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appellants, Gasper Mule and Gaetano Mule, were indicted with others in the Eastern District of New York. They were charged with having violated Secs. 2803(a), 2810, 2814, 2831, 2833 and 2834 of Title 26, U.S.C.A. Int.Rev.Code and with having conspired so to do in violation of Sec. 88 of Title 18, U.S.C.A. They were convicted and sentenced on three of the counts: Viz., the one charging possession of an unregistered still set up for operation, the one charging possession of distilled spirits in immediate containers unstamped, and the one charging conspiracy.

There was substantial evidence from which the jury could find that these appellants knew that other defendants had formed a conspiracy to violate the internal revenue laws as charged in the indictment

and that they voluntarily joined it and actively aided in carrying it out by helping to buy a boiler and copper tubing with fittings for making a coil for use in the still; by selling sugar and yeast to be used in operating it; by receiving some of the alcohol; and by otherwise assisting in the illegal business. This evidence was·sufficient to require submitting the question of their guilt to the jury not only on the conspiracy count but also on the substantive counts upon which they were convicted.

■ Major reliance for reversal is placed upon what are said to be trial errors. One of these was the supposed failure to give effect to U. S. v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128, on the question of the sales of sugar and yeast but there was no failure to apply the law correctly in this respect. Direct Sales Co. v. United States, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674. Nor was there any error as to the burden of proof and the principles which are to be applied regarding the force and effect of circumstantial evidence which may be found to be as consistent with innocence as with guilt. United States v. Valenti, 2 Cir., 134 F.2d 362.

The other grounds relied on for reversal have been examined and been found with-out merit.

Judgment affirmed.